# UNITED STATE DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

KATHLEEN COTTER,
    Plaintiff

v.

WHEATON COLLEGE,
    Defendant

## COMPLAINT AND JURY DEMAND

### PARTIES

1. The Plaintiff, Kathleen Cotter ("Plaintiff"), is a resident of Norton, Bristol County, Commonwealth of Massachusetts.

2. The Defendant, Wheaton College ("Defendant"), is organized as a school under the laws of the Commonwealth of Massachusetts, and is located in Norton, Bristol County, Commonwealth of Massachusetts.

### FACTUAL ALLEGATIONS

3. Plaintiff was employed as an Administrative Assistant by Defendant. She was hired in 2005, and worked in the office of the Director of the Physical Plant.

4. In or about 2008, Plaintiff experienced numbness in her face. Robert Campbell, who was the Director of the Physical Plant, and her direct supervisor ("Campbell"), urged Plaintiff to seek medical attention for this condition. Thereafter, Plaintiff was diagnosed with multiple sclerosis.

5. In addition to numbness in her face, Plaintiff's multiple sclerosis causes her to experience vertigo, and symptoms associated with vertigo, including feelings of

imbalance. The course of treatment she has been prescribed for multiple sclerosis causes her to suffer flu-like symptoms, including fatigue, chills, body aches, and clumsiness. These symptoms, as well as the numbness in her face and loss of balance associated with vertigo, substantially limit her ability to engage in major life activities, including, but not limited to, standing, walking, driving, and working.

6. While he was her supervisor, Campbell permitted Plaintiff to use leave when her symptoms prevented her from performing functions of her job.

7. Defendant's personnel policies permitted the leave Campbell afforded Plaintiff. Plaintiff's leave did not cause Defendant to suffer any administrative inconvenience, undue expenses, or undue hardship.

8. Although Plaintiff's multiple sclerosis significantly impaired her exercise of major life activities, she at all times was able to perform the essential functions of her job as an Administrative Assistant, with or without reasonable accommodation. Indeed, at all times during her employment, Plaintiff met or exceeded all expectations of her employment.

9. In or about January 2008, Plaintiff's minor child was diagnosed with psoriasis arthritis. This is a serious medical condition that causes Plaintiff's daughter to experience stiffness, swelling, and limits the mobility in her knees, ankles, and hips.

10. Plaintiff notified Campbell of her daughter's condition. Campbell permitted Plaintiff to take leave to care for her daughter because of her condition.

11. Defendant's personnel policies permitted the leave Campbell afforded Plaintiff to care for her daughter. Plaintiff's leave to care for her daughter did not cause

Defendant to suffer any administrative inconvenience, undue expenses, or undue hardship.

12. In or about January 2010, Campbell retired, and was replaced by one John Sullivan.

13. At or near the time he replaced Campbell, Sullivan met Plaintiff, and told her he was investigating employees who might be "abusing" sick leave, and that her use of sick leave "raised a red flag" with him. Plaintiff told Sullivan she had used leave because of her multiple sclerosis, and to care for daughter, who suffered from arthritis. Plaintiff told Sullivan that Campbell had permitted her the leave she used.

14. After this meeting, Sullivan reassigned responsibilities Plaintiff had performed under Campbell to the two other Administrative Assistants who worked in the Physical Plant with Plaintiff.

15. Upon information and belief, neither of the two Administrative Assistants to whom Campbell assigned Plaintiff's job duties suffer from significant impairments to major life activities, or sought leave or other accommodations as a result of such impairments. In addition, upon information and belief, neither of the Administrative Assistants to whom Sullivan assigned Plaintiff's duties sought leave for treatment of their own serious medical conditions, disability, or handicap, or for the treatment of a serious medical condition affecting one of their minor children.

16. Plaintiff's seniority was superior to the Administrative Assistants to whom her responsibilities were reassigned. In addition, Plaintiff's work performance and abilities were superior to those of the Administrative Assistants to whom her responsibilities were reassigned.

17. On or about May 25, 2010, Defendant, by its agents, including Sullivan, selected Plaintiff for layoff, and retained the other two Administrative Assistants.

## JURISDICTION AND VENUE

18. Jurisdiction is appropriate in this Court under 42 U.S.C. § 1331, federal question. Venue is proper in this Court because all of the parties reside in this judicial district.

## ADMINISTRATIVE PREREQUISITES TO SUIT

19. As set forth in Attachments "A" and "B", Plaintiff has satisfied all prerequisites to suit under the Americans With Disabilities Act, 42 U.S.C. § 12101, and G.L. c. 151B.

## COUNT I
## CLAIM UNDER THE ADA, 42 U.S.C. § 12101
## DISABILITY DISCRIMINATION

20. Plaintiff incorporates by reference all other allegations made herein.

21. Defendant's employment of Plaintiff was subject to the Americans With Disabilities Act, 42 U.S.C. § 12101, §12111(8), *et seq.* (the "ADA").

22. With respect to her employment with Defendant, Plaintiff was a "qualified person with a disability" within the meaning of 42 U.S.C. §12111(8), and therefore, entitled to its protections. Plaintiff was a qualified person with a disability because despite the substantial limitations multiple sclerosis imposed on her exercise of major life activities, she could perform the essential functions of her job with or without reasonable accommodation.

23. It is an unlawful practice under the ADA for an employer to dismiss from employment or otherwise discriminate against a qualified person with a disability.

24. Defendant divested Plaintiff of her job responsibilities and dismissed Plaintiff from employment because of her disability, in violation of the ADA.

25. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

26. As a result of Defendant's violation of the law, Plaintiff has suffered harm, injury, and damages.

## COUNT II
## CLAIM UNDER G.L. C. 151B
## HANDICAP DISCRIMINATION

27. Plaintiff incorporates by reference all other allegations made herein.

28. Defendant's employment of Plaintiff was subject to the provisions of G.L. c. 151B.

29. With respect to her employment with Defendant, Plaintiff was a "qualified handicapped person" within the meaning of G.L. c. 151B, § 4. Plaintiff was a qualified handicapped person because despite the substantial limitations multiple sclerosis imposed on her exercise of major life activities, she was capable of and did perform the essential functions of her job, with or without reasonable accommodation.

30. It is an unlawful practice under G.L. c. 151B, § 4(16), for an employer to dismiss from employment or otherwise discriminate against a qualified handicapped person.

31. Defendant Plaintiff divested Plaintiff of her job responsibilities and dismissed her from employment because of her handicap, in violation of G.L. c. 151B.

32. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible discrimination.

33.     As a result of Defendant' violation of G.L. c. 151B, Plaintiff has suffered harm, injury, and damages.

## COUNT III
## VIOLATION OF THE FMLA

34.     Plaintiff incorporates by reference all other allegations made herein.

35.     Defendant was at all times relevant hereto the Plaintiff's "employer" within the meaning of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA")

36.     Plaintiff was an eligible employee under the definitional terms of the FMLA.  At the time she sought leave because of her multiple sclerosis, she had been employed for more than twelve months, and had worked more than 1,250 hours in the preceding twelve months.

37.     Plaintiff's multiple sclerosis is a "serious health condition" within the meaning of the FMLA, for which Plaintiff was entitled to leave, without reprisal, within the periods prescribed by the FMLA.

38.     Defendant, by its agents, was aware that Plaintiff lawfully exercised her rights under the FMLA by seeking and taking FMLA leave because she suffers from multiple sclerosis.  Defendant, by its agents, was aware that Plaintiff did not exceed the amount of FMLA leave to which she was entitled during her employment.

39.     Defendant knowingly divested Plaintiff of her job responsibilities and terminated Plaintiff's employment because she engaged in activity protected under the FMLA, in violation of the FMLA.

40.     Defendant's violation of the FMLA was knowing and willful.

41. The Plaintiff has suffered harm, injury, and damages as a result of the Defendant's violation of the FMLA.

## COUNT IV
## VIOLATION OF THE FMLA

42. Plaintiff incorporates by reference all other allegations made herein.

43. Plaintiff's daughter's arthritis is a serious medical condition within the meaning of the FMLA.

44. Plaintiff engaged in activity protected by the FMLA in missing work to care for her daughter because of this condition.

45. Defendant was aware of Defendant's need for FMLA leave and for her requests to use it. Defendant was aware that Plaintiff did not exceed FMLA leave to which she was entitled to care for her daughter, and that she was lawfully exercising her rights under the FMLA by seeking and taking leave to take her daughter to medical appointments.

46. In retaliation for this protected activity, and in willful violation of the FMLA, Defendant retaliated against Plaintiff by divesting her of job responsibilities and terminating her employment.

47. The Plaintiff has suffered harm, injury, and damages as a result of the Defendant's violation of the FMLA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court to enter Judgment:

A. Awarding her back pay, front pay, damages for emotional distress,

compensatory and punitive damages, costs and attorney fees, and liquidated damages, as provided by the ADA, G.L. c. 151B, and the FMLA.

B.  Granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

THE PLAINTIFF, KATHLEEN COTTER

By her attorney,

s/Daniel W. Rice
Daniel W. Rice, BBO# 559261
GLYNN, LANDRY & RICE, LLP
639 Granite Street
Braintree, MA 02184
(781) 964-8377
daniel.rice@glhrlaw.com

Dated:  March 3, 2011